**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| LANCE FOSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:09-CV-415 |
| | ) | (2:04-CR-80) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner on December 14, 2009. For the reasons set forth below, the motion **REMAINS UNDER ADVISEMENT** and the matter is set for **HEARING ON April 15, 2011, at 1:00 p.m.**

BACKGROUND

In 2004, Lance Foster ("Foster") was indicted as part of a multi-defendant drug conspiracy. The Superceding Indictment charged Foster with conspiracy to possess with intent to distribute crack cocaine, cocaine and marijuana (Count 2), and distribution of cocaine base (Count 7).

On February 22, 2005, a Plea Agreement was filed with the Court indicating that Foster would plead guilty to Count 2 of the Superceding Indictment (the conspiracy charge). The signed plea agreement indicated that Foster understood that the maximum

possible penalty for the offense included a life term of imprisonment. The plea agreement further provided that Foster understood that the minimum possible penalty to be imposed included a term of imprisonment of ten years.

The change of plea hearing was scheduled, but the hearing was continued many times. Ultimately, on April 27, 2005, Foster indicated he wished to withdraw his plea agreement, and this Court allowed Foster to withdraw his plea agreement. Another change of plea hearing was scheduled for February 2, 2006, at which it appears Foster planned to plead guilty without the benefit of a plea agreement. But, when that date came, Foster again decided not to go forward with the change of plea hearing. Trial was scheduled for October 30, 2006.

On October 20, 2006, just ten days before trial, the Government filed an Information Regarding Prior Conviction Pursuant to 21 U.S.C. section 851(a). The information relied upon a December 14, 1999, conviction in Lake County, Indiana, for possession of cocaine to seek increased punishment in the event of Foster's conviction. As a result, Foster's sentencing range became a minimum of 20 years and a maximum of life. Foster proceeded with a jury trial, and was convicted of distributing cocaine base (Count 7), but found not guilty of the conspiracy charge (Count 2).

Foster was sentenced to a 240 month term of incarceration, the statutory mandatory minimum for his offense as the result of the

Government's filing of the section 851 information. If Foster had not been subject to the 20 year mandatory minimum due to the Government's filing of the information, his applicable guideline range under the United States Sentencing Guidelines would have been 135-168 months (total offense level 32 and criminal history category II). Foster appealed his conviction, and the Seventh Circuit affirmed the judgment against Foster. *United States v. Tanner*, 544 F.3d 793 (7th Cir. 2008).

In March of 2009, Foster sought a reduction in his sentence due to amendments in the United States Sentencing Guidelines governing crack cocaine, pursuant to 18 U.S.C. section 3582. Foster's trial counsel was reappointed to assist with this matter, but after investigating Foster's claimed entitlement to a reduced sentence, sought leave to withdraw because he believed that the 20 year mandatory minimum sentence prevented a reduction in Foster's sentence. Foster's counsel was permitted to withdraw, and Foster was given leave to file a pro se motion for modification of his sentence, which he did not do.

Eventually, Foster initiated this pro se action seeking to vacate his sentence, alleging that his trial counsel provided ineffective assistance of counsel. The Government responded on January 15, 2010, claiming that Foster's motion was untimely. Foster filed a reply brief on February 11, 2010. This Court disagreed with the Government's position regarding the timeliness

of Foster's motion, and ordered the Government to provide a brief addressing the merits of Foster's habeas petition.  The Government provided the requested brief on May 24, 2010.  Foster filed a reply to the Government's response on the merits on June 23, 2010.  In October, Attorney Cheryl Sturm appeared on behalf of Foster, and was granted leave to file a supplemental reply on Foster's behalf.  The supplemental reply was filed on November 12, 2010.  The instant motion is now fully briefed.

DISCUSSION

In his motion, Petitioner raises several claims of ineffective assistance of counsel, although there is significant overlap among the claims.  First, Foster claims that his attorney was ineffective in that he should have known that Foster could receive an enhanced sentence due to his prior juvenile drug conviction before trial began, and that counsel was ineffective in making no effort to secure evidence needed to argue that such an enhancement was unconstitutional.  Next, Foster argues that his counsel was ineffective in failing to seek and/or secure a plea agreement once the Government had provided notice of its intent to seek an enhanced sentence under 21 U.S.C. section 851. Foster also claims that his counsel was ineffective in failing to investigate Foster's bad acts.  Lastly, Foster claims his counsel was ineffective for failing to argue that his sentence over-represented his criminal

history. Although presented as many claims, the primary contention of the motion is this: Foster claims that if he knew that he was subject to a mandatory minimum sentence of twenty years due to his prior conviction, he would have pled guilty, and that his counsel was ineffective in both failing to advise him of that possibility, and failing to argue that such a sentence was not warranted.

Habeas Corpus Relief

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. Untied States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

In assessing Petitioners's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by

lawyers'"(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002)("pro se habeas petitioners are to be afforded 'the benefit of any doubt'")(quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)(habeas petition from state court conviction)(alterations in original)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, even though Foster is now represented by counsel, the Court has assessed Foster's claims with those guidelines in mind, as his initial motion and reply were filed without the aide of counsel.

This Court begins with Foster's contention that, if Foster had known that he was subject to a mandatory minimum sentence of twenty years due to his prior convictions, he would have pled guilty. Foster states the following in one of his briefs:

> [Y]es, a plea agreement was offer [sic], but the attorney never explained the important [sic] of the plea, the attorney never explained the advantage or the disadvantages

> of the plea agreement, and if the attorney had explained to me the advantages of the plea agreement, there would have been no way I would have demanded to go to trial. The advantage of the plea agreement was never explained to me, nor were I told that it could be in the best interest, because it would be eliminating the possibilities of any enhancements that the Government may had on its' [sic] mind to use, and if the Petitioner were told that he was facing additional ten (10) years, he would have accepted the plea agreement without the thoughts of a trial.

[DE 810 at 3].

As with all allegations of constitutionally ineffective assistance of counsel, the analysis must begin with the Supreme Court's seminal case in this area, *Strickland v. Washington*, 466 U.S. 668 (1984). The test for ineffectiveness claims is exacting. To establish such a claim, a defendant must show that his attorney's representation was deficient, and that the deficiency prejudiced the defendant. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). To establish deficient performance, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id*. This test is highly deferential to counsel, "presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (citations omitted). Thus, when examining the performance prong of the *Strickland* test, a court must "indulg[e] a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Galowski v.

*Berge*, 78 F.3d 1176, 1180 (7th Cir. 1996)(internal quotes omitted). Then, to establish the prejudice component of the *Strickland* test, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wiggins*, 539 U.S. at 534. Such a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id*.

When viewed in the context of counsel's failure to properly advise a defendant of his sentencing exposure and, more specifically, where an attorney's alleged incompetence results in rejection of a plea agreement, the *Strickland* framework applies as follows. With regards to the performance prong of *Strickland*, a miscalculation of the possible sentence will not suffice; rather, the petitioner "must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence." *VanWaeyenberghe v. United States*, No. 3:08-CV-456 RM; 3:04-CR-87(01)RM, 2009 WL 3294871 (Oct. 13, 2009 N.D. Ind.)(citing *United States v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005). With regards to the prejudice prong of *Strickland*, petitioner must "establish (1) through objective evidence that (2) there is a reasonable probability that he would have accepted the alleged proposed plea agreement absent defense counsel's advice." *Paters v. United States*, 159 F.3d 1043, 1046 (7th Cir. 1998) (citing *Toro v. Fairman*, 940 F.2d 1065 (7th Cir. 1991)).

Foster has alleged, via a sworn statement, that his counsel did not advise him that the Government could seek an enhancement based on his prior criminal record such that he would face a mandatory minimum sentence of 20 years rather than the ten year minimum he understood he was facing. This allegation, if true, suggests that his counsel did not attempt to learn the facts of the case and make a good-faith estimate of a likely sentence. In response, the Government provided this Court with a brief that fails to discuss pertinent case law or thoroughly analyze Foster's claim. Absent recitations of the law governing ineffective assistance of counsel claims generally, a summation of the Government's understanding of Foster's claim, and a summation of the proceedings in this case, the Government's brief (the body of which is just over two pages) contains only the following:

> The defendant has provided no legal basis to grant his 2255 motion. He signed a plea agreement and then backed out of taking it in court on a number of occasions. The government filed a timely motion regarding enhanced penalties, and the defendant went to trial and received those enhanced penalties. There is nothing whatsoever in the record which indicates that Mr. Kupsis was ineffective in any way, shape or form. As the record in the instant case indicates, Mr. Foster has no one to blame but himself for his twenty year minimum mandatory sentence.

[DE 805 at 2-3]. Foster has sufficiently alleged that his counsel's performance was deficient, and the Government has produced nothing to undermine those allegations.

With regards to the prejudice prong of the analysis, Foster alleges under oath that if he had been advised that he was facing a possible mandatory minimum sentence of twenty years, he would have pled guilty. The cases make clear that this assertion alone is not enough. *See Paters*, 159 F.3d at 1046; *VanWaeyenberghe*, 2009 WL 3294871 at *8. In *Paters*, the petitioner submitted affidavits from his parents in addition to his own affidavit, all supporting Pater's allegations regarding the advice he received from counsel, and that Paters had seriously considered a plea. The Court noted the following: "Such evidence is certainly not overwhelming. And it does not prove the ultimate question-that there is a reasonable probability that Paters would have *accepted* the plea deal but for his attorney's advice. Instead, it only shows that the alleged advice was in fact offered." *Paters*, 159 F.3d at 1047.

The Court in *Paters* then suggested that the petitioner could have provided more compelling evidence, and as examples of what would have been more compelling, the Court indicated that an affidavit from defense counsel regarding Pater's reaction to the plea offer or an affidavit from the AUSA establishing that the government in fact offered a plea agreement would have been more compelling. Nonetheless, Paters was granted a hearing, in part because the Government in *Paters* had conceded the first prong of the *Strickland* analysis.

Judge Ilana Diamond Rovner wrote a concurring opinion where

she criticized the objective test, noting that it "effectively reimposed the preponderance standard that *Strickland* rejected, because it seems to require something more than standard testimonial evidence from the party most able to speak to the issue under consideration." *Id.* at 1049 (Rovner, J., concurring). Judge Rovner also questioned the benefit of receiving an affidavit from the AUSA affirming that a plea agreement was offered, given that this fact was not contested. *Id.* at 1050. Judge Coffey, on the other hand, felt that the showing made by Paters was not only insufficient to justify a hearing, but so lacking that the district court erred in requiring the Government to respond to the motion. *Id.* at 1050 (Coffey, J. dissenting).

The splintering of the court in *Paters*, based on the specific facts of that case, makes the application of *Paters* by district courts challenging. The Court in *Van Waeyenberghe* described the Court's decision to grant a hearing in *Paters* as follows: "In *Paters*, the government conceded all of petitioner's factual assertions, so his naked assertions were clothed with the mantle of objectivity." *VanWaeyenberghe*, 2009 WL 3294871 at *10. Because no such concessions or other factual support existed in *Waeyenberghe*, the court found that no hearing was necessary. *Id.* Similarly, in *Key v. United States*, *Paters* was distinguished because the state did not make Key a plea offer. 72 Fed. Appx. 485, 487 (7th Cir. 2003). In *Julian v. Bartley*, on the other hand, the Court found "a

package consisting of testimonial evidence, a history of plea discussion, and the nature of the misinformation" that was deemed a sufficient showing of prejudice. *Julian v. Bartley*, 495 F.3d 487, 499-500 (7th Cir. 2007).

In this case, Foster has tendered his sworn statement that he would have pled guilty if his counsel had advised him of the sentence he was facing. Foster has submitted no additional evidence, but the Government has not challenged the validity of his allegations at all. The Government has not conceded that counsel was ineffective - but neither have they produced any evidence that tends to suggest otherwise. Furthermore, it is clear from the record that Foster was offered a plea; in fact, the record contains a signed plea. That signed plea agreement references a minimum mandatary sentence of ten years rather than the minimum mandatory sentence of twenty years that applied following the Government's decision to seek an enhancement. While Foster did not go through with the change of plea hearing, the record strongly suggests that he nearly pled even absent knowledge of the alleged erroneous advice from counsel. Accordingly, there is a strong suggestion that, if Foster's allegations regarding his counsel's misadvice were true, he would have went through with the plea agreement. Under these circumstances, the Court finds that a hearing is appropriate on Foster's claims.

Having found that Foster is entitled to a hearing on his claim

that counsel was ineffective in advising him of the sentence he was facing, the Court now turns to Foster's remaining contentions.

With regards to Foster's claim that his counsel was ineffective by failing to secure (or even attempt to secure) evidence needed to argue that such an enhancement was unconstitutional, Foster's claim must fail. Foster has made no showing that any such evidence exists. Therefore, Foster has made no showing that counsel erred or that he was prejudiced by the alleged error. *See Wiggins*, 539 U.S. at 521-534.

Foster argues that his counsel was ineffective in failing to recognize and argue that the underlying conviction relied upon was unconstituional. Foster does little to develop this argument, but notes that he is in the process of trying to have it dismissed and removed from his record. Unfortunately for Foster, that is not a sufficient showing to prevail on a section 2255 motion. *Id.*

Foster also argues that his attorney should have further investigated mitigating factors that might be present. He points to no mitigating factor that could have altered his sentence, and he cannot, because he was subject to and received a statutory mandatory minimum sentence. Because he was subject to the statutory mandatory minimum sentence, even compelling mitigating factors would not have altered his sentence. Accordingly, Foster makes no showing of prejudice. *Id.*

Next, Foster contends that his counsel was ineffective in

failing to seek and/or secure a plea agreement once the Government had provided notice of its intent to seek an enhanced sentence, under 21 U.S.C. section 851. But Foster presents no evidence that suggests that the Government would have been amenable to a plea agreement at that point in time.

Foster also claims that his counsel was ineffective in failing to investigate Foster's bad acts. This claim appears to directly overlap with his claim that counsel should have fully investigated his criminal history so as to properly advise him of his minimum mandatory sentence. But, to the extent Foster intended something else, the argument is undeveloped and the Court can not do his work for him. *See Barnett*, 174 F.3d at 1133.

Lastly, Foster claims his counsel was ineffective for failing to argue that his sentence over-represented his criminal history. Again, Foster has not demonstrated any error on the part of counsel or prejudice as a result of the alleged error, and his claim must therefore be dismissed. *Wiggins*, 539 U.S. at 521-534.

Miscellaneous Matter

Foster claims this Court should disregard the Government's response because it was not filed timely. This Court's records reflect that both the Government's initial response and the response addressing the merits were filed timely. Accordingly, Foster's request is unfounded.

CONCLUSION

For the reasons set forth above, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody **REMAINS UNDER ADVISEMENT.** This matter is set for **HEARING ON April 15, 2011, at 1:00 p.m.**

**DATED: February 9, 2011**          /S/RUDY LOZANO, Judge
                                     **United States District Court**